IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLNOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
|    JOHN A DORNER | ) | CHAPTER 13 |
|    ANGELA DORNER, | ) | |
| | ) | Case No. 10 B 49742 |
|    Debtor | ) | Judge: Schmetterer |
| JOHN A DORNER, | ) | Trustee: Tom Vaughn |
| ANGELA DORNER | ) | |
|                 Plaintiffs | ) | AP No. 10-02586 |
| -vs- | ) | |
| CHASE BANK, | ) | |
|                 Defendant. | ) | |

## ~~PROPOSED~~ FIDINGS OF FACT AND CONCLUSIONS OF LAW

**Findings of Fact.**

Findings of fact are based on the filed Adversary Complaint as confessed and the Affidavit of JOHN A DORNER and ANGELA DORNER.

**A. The Parties**

1. The Plaintiffs are JOHN A DORNER and ANGELA DORNER ("Plaintiffs').

2. The Defendant is ~~CHASE BANK~~ JP Morgan Chase Bank (~~"Defendant"~~). a.k.a. Chase Bank. ("Defendant")

**B. Factual Background**

1. On November 5, 2010, Plaintiffs filed a petition for relief under Chapter 13 of Bankruptcy code.

2. Plaintiffs own the real estate commonly known as 5305 N. Lockwood Ave, Chicago, IL 60630.

3. ~~Chase Manhattan Mortgage~~ JP Morgan Chase Bank holds a first mortgage lien on the real property commonly known as 5305 N. Lockwood Ave, Chicago, IL 60630, with a secured claim of $333,399.00.

4. The Defendant holds a second mortgage lien on the real property known 5305 N. Lockwood Ave, Chicago, IL 60630 in the approximate amount of $149,900.90.

5. That the fair market value at the time of filing of case number **10 B 49742** of the real estate was not more than $217,000.00. On January 26, 2010, eppraisal.com indicated a value of

$333,399.00.

6. The first mortgage lien of ~~Chase Manhattan Mortgage~~ [JP Morgan Chase Bank] is a secured claim based on the mortgage with ~~Chase Manhattan Mortgage~~ [JP Morgan Chase Bank] that was recorded on December 22, 2005 as document number 0535604047 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of ~~CHASE BANK~~ [Defendant] is a claim based on the mortgage dated July 21, 2005 recorded in the Office of the Cook County Recorder of Deeds as document number 0522817010 on August 16, 2005 and subordinated to the mortgage of Irwin Mortgage Corporation pursuant to subordination agreement recorded in the Office of the Cook County Recorder of Deeds on December 22, 2005 as document no. 0535604048.

8. The current Chapter 13 Plan provides the Plaintiffs will make monthly payments to the Chapter 13 Trustee in the amount of $927 monthly for 28 moths and $1,427 monthly for additional 32 months.

9. Under the Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claim.

10. On December 21, 2010, Plaintiffs issued a summons and complaint to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendants' lien on Plaintiffs' property located at 5305 N. Lockwood Ave, Chicago, IL 60630.

11. That on January 3, 2011 a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure by Regular U.S. Mail, postage prepaid to an officer of the Defendant at 270 Park Ave, 39th Floor, New York, NY 10017.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the fair market value of $217,000.00.

15. The secured claim of ~~Chase Manhattan Mortgage~~ [JP Morgan Chase Bank] in the amount of $333,399.00 exhausts the

value and equity in Plaintiffs residence.

16. There is no value and equity to support the claim of the Defendant.

## ~~PROPOSED~~ CONCLUSIONS OF LAW

### A. Jurisdiction

1. The contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. § 157(a) and 1334(b).

2. Venue is proper in this pursuant to 28 U.S.C. § 1409.

### B. Argument

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtors scheduled the first ~~Chase Manhattan Mortgage~~ [JP Morgan Chase Bank] secured claim in the amount of $333,399.00 and the ~~second CHASE BANK~~ [Defendant's] claim in the amount of $149,900.90.

5. That value of Plaintiffs residence is $217,000.00

6. As there is no value or equity to support the second priority lien of ~~CHASE BANK~~ [Defendant], the ~~CHASE BANK~~ [Defendant's] claim is not a claim secured at all by a security interest in the Debtors' residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 plan, value the collateral under FR. Bankr. P.3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtor, and entry of the discharge. *In re Meyer,* 2009 B 20268, Docket Entry 69 (Bankr. N.F.Ill. January 29, 2010).

_____
United States Bankruptcy Judge

FEB 17 2011